IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

**EUGENIO PEREZ IV, Plaintiff,**

v.                                    Case No.: _____

**NEW MEXICO ENVIRONMENT DEPARTMENT, Defendant.**

23 CV 1053

**MELISSA ROMERO,**

Individually and in her

Official Capacity as supervisor,

Occupational Health and Safety Bureau,

New Mexico Environment Department,

**GREGORY MARQUEZ**

Individually and in his

Official Capacity as compliance program manager,

Occupational Health and Safety Bureau,

New Mexico Environment Department,

**ROBERT GENOWAY**

Individually and in his

Official Capacity as Bureau Chief,

Occupational Health and Safety Bureau,

New Mexico Environment Department,

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION (WORKPLACE HARASSMENT AND WRONGFUL TERMINATION OF EMPLOYMENT) AND FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

**EUGENIO PEREZ IV**, Pro Se, brings this action against the New Mexico Environment Department, and alleges as follows:

### I. INTRODUCTION

1.      Plaintiff brings this action under the Title VII of the Civil Rights Act of 1964, New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; and Occupational Safety and Health Administration Complaints About State Program Administration (CASPA) 1954.20., and seeks relief for the Defendant's retaliatory actions against him.

## II. JURISDICTION AND VENUE

2.      The foregoing paragraphs are herein incorporated by reference as if fully set forth;

3.      The acts and omissions giving rise to this Complaint took place within the boundaries of the State and federal judicial district of New Mexico.

4.      This Complaint is brought, in part, pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §2000e;

5.      This Complaint is brought, in part, pursuant to section 11(c)(1) of the OSH Act

6.      This Complaint is brought, in part, pursuant to the New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.;

7.      This Complaint is brought in part, pursuant to OSHA Complaint About State Program Administration (CASPA) 1954.20

8.      This Complaint is brought, in part, pursuant to the New Mexico Whistleblower Protection Act ("WPA"), NMSA § 10-16C-1, et seq. 1978.;

9.      Plaintiff is Male;

10.     Plaintiff is Hispanic;

11.     Plaintiff, at certain times relevant to this Complaint, was in a protected category by virtue of having availed himself of his right to file and pursue one or more complaints of prohibited discrimination.

12.     Plaintiff filed timely complaints of prohibited discrimination and retaliation with the United States Equal Employment Opportunity Commission (EEOC), which complaints were processed to conclusion.

13.     All administrative prerequisites to filing suit have been satisfied and this suit is timely filed.

### III. PARTIES

14.     Plaintiff Eugenio Perez IV is an individual who, at all times relevant to this Complaint, was an employee of the New Mexico Environment Department.

15.     Defendant New Mexico Environment Department is a state agency responsible for the protection and conservation of New Mexico's natural resources.

16.     Defendant Melissa Romero, at all times relevant to this action, was a resident of the State and Federal jurisdiction of New Mexico. At all times relevant to this action, Melissa Romero acted under color of state law authority vested in her by virtue of her occupying the position of supervisor Occupational Health and Safety Bureau, State of New Mexico Environment Department;

17.     Defendant Gregory Marquez, at all times relevant to this action, was a resident of the State and Federal jurisdiction of New Mexico. At all times relevant to this action, Gregory Marquez acted under color of state law authority vested in him by virtue of him occupying the position of compliance program manager,

Occupational Health and Safety Bureau, State of New Mexico Environment Department;

18. Defendant Robert Genoway, at all times relevant to this action, was a resident of the State and Federal jurisdiction of New Mexico. At all times relevant to this action, Robert Genoway acted under color of state law authority vested in him by virtue of him occupying the position of Bureau Chief, Occupational Health and Safety Bureau, State of New Mexico Environment Department;

## IV. FACTUAL BACKGROUND

19. The Plaintiff was employed by the Defendant as an NM OSHA compliance officer, and in that capacity, he became aware of significant violations of employment law and waste of public funds by other employees.

20. The Plaintiff's relationship with his employer began to deteriorate when he made supervisor Melissa Romero aware of significant violations of employment law and Disparate treatment of Plaintiff in regards to micromanagement and time reporting requirements that Similarly-situated females were treated in a discriminatorily more favorable manner than Plaintiff; Plaintiff was subjected to threats against his employment, derogatory remarks about Grammar and sentence structure, and quality of work.

21. The Plaintiff reported these violations to his supervisor's supervisor Greg Marquez and Mr. Marquez conducted a non-formal meeting to address plaintiff's concerns. Thereafter, harassing and vindictive behavior against the Plaintiff accelerated. Plaintiff was not aware of his tasks and duties until several months after initial hiring, but shortly after non formal meeting between Melissa Romero and Greg Marquez.

22. Plaintiff received his initial employment review that contained derogatory remarks about his performance as a Compliance officer. Plaintiff voiced concerns that his employment review was derogatory, and he had been subjected to disparate treatment and that this review was intended to punish employee for voicing concerns about differential treatment.

23. Plaintiff was then sent to conduct inspections of the oilfields in Artesia and Loco hills New Mexico. During which time plaintiff and teammates were not given proper training, proper monitoring equipment, or personal protective equipment in violation of the federal OSHA Standards and regulations. Upon returning to the Santa Fe Office Plaintiff informed supervisor Melissa Romero, and other appropriate parties within the Department, and U.S. Dept. of Labor – OSHA that Plaintiff and his teammates were sent into harm's way without proper training, proper monitoring equipment, or personal protective equipment in violation of the federal OSHA Standards and regulations. After reporting to the U.S. Dept. of Labor – OSHA a CASPA Complaint About State Program Administration (CASPA) 1954.20 investigation was conducted and determined Plaintiff's claim had merit.

24. After reporting these violations, the Plaintiff experienced adverse employment actions, including a negative performance review, reduction in job duties, and hostile treatment by his supervisor and other employees.

## V. LEGAL CLAIMS

25. The Defendant retaliated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA)

1954.20 by taking adverse employment actions against him because he reported or threatened to report to a supervisor or a public body a violation or suspected violation of law, or a waste of public funds or abuse of authority.

26.     The Defendant subjected the Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.; by engaging in a pattern of conduct that was designed to discourage him from reporting or threatening to report to a supervisor or a public body a violation or suspected violation of law, or a waste of public funds or abuse of authority.

27.     The defendant subjected the plaintiff to disparate treatment in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.; to include but not limited to removal of telework, conducting field inspections when female compliance officers were not, forcing a commute to Santa Fe Office when plaintiff was stationed in Albuquerque office, not allowing use of State vehicles for commute to Santa Fe office, assigning job duties and goals 6 months after plaintiff began working for the New Mexico Environment department, Isolation and communicating only through emails. Not treating younger non-Hispanic female compliance officers, the same as plaintiff.

28.     The Defendant intentionally inflicted emotional distress on the Plaintiff in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human

Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.; by engaging in extreme and outrageous conduct that caused him severe emotional distress.

29.     The Defendant negligently inflicted emotional distress on the Plaintiff in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.; by breaching its duty of care to not engage in conduct that would cause him emotional distress, and by engaging in conduct that caused him severe emotional distress.

## COUNT I: WRONGFUL DISCHARGE FROM EMPLOYMENT

30.     Retaliation in Violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.;

31.     Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

32.     Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT II: HOSTILE WORK ENVIROMENT

33. Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.;

34. The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.;

35. Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

36. Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Intentional Infliction of Emotional Distress in Violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.;

38. Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

39. Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Negligent Infliction of Emotional Distress in Violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.;

41. Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

42. Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT V: RACE/NATIONAL ORIGIN DISCRIMINATION– JOB HARASSMENT

43. Plaintiff was denied the lateral transfer in question in whole or in part to consultation department to include but not limited to, his gender, male, his race, color or creed and reporting to the US department of labor, in violation of Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; The New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 et seq., and for filing an OSHA Complaint About State Program Administration (CASPA) 1954.20.;

44. Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

45. Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT X: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

46. This count is brought against Defendants Melissa Romero, Gregory Marquez, and Robert Genoway in their individual capacities only. No suit against the State of New Mexico or these individual defendants in their official capacities is intended or implied in this count.

47. In wrongfully discharging Plaintiff from his employment Melissa Romero, Gregory Marquez, and Robert Genoway, with the advice, counsel, consent and de facto decision-making assistance of the State of New Mexico human resources department and others, violated under color of the laws of the State of New Mexico, Plaintiff Eugenio Perez IV's due process and equal protection rights;

48. No "class of one" equal protection claim is implied or intended in this count. Plaintiff claims violation of his equal protection rights based on his inclusion in protected classes by virtue of gender, male, race/national origin, Hispanic, and for his having filed a previous complaint of prohibited discrimination, and NOT as a "class of one";

49. Plaintiff Eugenio Perez IV realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

50. Plaintiff was harmed and damaged by said violation of his civil rights under color of state law, in an amount to be established at trial, for which he is entitled to just and fair compensation.

## COUNT XI: PUNITIVE DAMAGES

51. This count is brought against the individually named Defendants in their individual capacities only. No suit against the State of New Mexico or the individually named defendants in their official capacities is intended or implied in this count.

52.     In wrongfully discharging Plaintiff from his employment and in engaging in the other behavior complained of herein, the individually named defendants acted willfully, with malice, intentionally, and with intent to cause harm and they did in fact cause harm to the person of the Plaintiff, Eugenio Perez IV.

53.     An award of punitive damages against the individually named defendants, personally, is therefore warranted in order to dissuade these Defendants and others similarly situated from engaging in the same or similar conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eugenio Perez IV prays for relief as follows:

A.     Judgment in favor of Plaintiff Eugenio Perez IV on all counts alleged herein.

B.     . An order enjoining Defendant New Mexico Environment Department and codefendants Melissa Romero, Gregory Marquez , and Robert Genoway from engaging in further retaliation against Plaintiff Eugenio Perez IV for reporting violations of law or waste of public funds;

C     . An award of compensatory damages, including front pay, lost benefits, and other economic damages, in an amount to be determined at trial;

D.     An award of non-economic damages for emotional distress, embarrassment, humiliation, and other harm suffered by Plaintiff Eugenio Perez IV as a result of Defendant New Mexico Environment Department's conduct, in an amount to be determined at trial;

E.     An award of punitive damages in an amount to be determined at trial, to punish Defendant New Mexico Environment Department for its extreme and outrageous conduct;

F.     An award of costs and reasonable attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964.; Section 11(c)(1) of the OSH Act.; New Mexico Human Rights Act, NMSA 1978, §28-1-1 et seq.; the New Mexico Whistleblower Protection Act;

G.     Appropriate declaratory and injunctive relief, and for such other and further relief as is deemed just and necessary in the premises.

H.     Any and all other relief that the court deems just and proper.

**Respectfully submitted,**

**BY:** *Eugenio Perez IV*

Pro Se for Plaintiff Eugenio Perez IV

7013 Las Vegas Ave Albuquerque NM, 87111,

505-382-9809, eugeniopereziv@gmail.com